IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KUO CHUAN WANG
and CATHY LIN,

      Plaintiffs,

v.                                               No. 13-cv-0925 MV/SMV

WILLIAM SOMMERS;
RICE GARDEN, INC.; and
ARBOR INVESTMENTS, INC.;

      Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND RE-OPEN DISCOVERY FOR A LIMITED PURPOSE

THIS MATTER is before the Court on Plaintiffs' Motion to Modify the Scheduling Order and Re-open Discovery for a Limited Purpose [Doc. 85] ("Motion"), filed on December 5, 2014. Defendants filed their Response [Doc. 87] on December 22, 2014. Plaintiffs filed a Reply [Doc. 89] on January 5, 2015.  Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is not well-taken and shall be **DENIED**.

## BACKGROUND

This is a wrongful termination case.  Plaintiff Kuo Chuan Wang ("Plaintiff") was an "area coach" for Defendant Rice Garden, Inc. (hereinafter "Rice Garden"), managing seven Rice Garden restaurants located in New Mexico, Texas, and Arizona.  Rice Garden is a subsidiary of Defendant Arbor Investments, Inc. (hereinafter "Arbor").  Plaintiff claims that he was discharged in retaliation for alerting his supervisor, Defendant Sommers, that several general managers of

Rice Garden restaurants were altering employees' timecards to the employees' detriment and in violation of state and federal employment laws.  He claims that "[t]he actions of Mr. Sommers are imputed to Rice Garden and Arbor Investments based on the theory of respondeat superior." First Amended Complaint, [Doc. 27] at 7.

The original Complaint was filed in state court on July 19, 2013.  *See* Complaint, [Doc. 1-1].  Defendants removed the case to federal court on September 24, 2013.  *See* Notice of Removal, [Doc. 1].  The parties held their Rule 26(f) meet-and-confer session on November 26, 2013.  *See* Joint Status Report and Provisional Discovery Plan (JSR"), [Doc. 23] at 1.  The First Amended Complaint (which is the operative complaint) was filed on January 16, 2014. [Doc. 27].

This Court held a Rule 16 Scheduling Conference on January 30, 2014.  *See* Clerk's Minutes, [Doc. 29].  After consultation with the attorneys, the Court entered a Rule 16 Scheduling Order [Doc. 31] on February 3, 2014.  The Court set the case on a "complex" discovery track, with a discovery completion deadline of August 28, 2014 (210 days from the Rule 16 Scheduling Conference).

It appears that Plaintiff initiated no discovery until June 13, 2014, when he served written discovery on Defendant Rice Garden, *see* [Doc. 52], and on Defendant Sommers, *see* [Doc. 53]. He also scheduled the depositions of four witnesses.  *See* [Docs. 54, 55, 56, and 57]. No discovery was served on Defendant Arbor at that time.

One of the interrogatories asked Rice Garden to identify its officers and directors and to describe their job duties and compensation package.  *See* [Doc. 87-3] at 4.  Rice Garden initially objected to the interrogatory and refused to provide the information.  Plaintiff' counsel initiated a

good faith effort to resolve the dispute before filing a motion to compel.  As a result of those

efforts, on August 28, 2014, Rice Garden provided the names and titles of Rice Garden's Board

of Directors (but not their compensation package).[1]  *See* [Doc. 87-6].  Each person listed as a

Rice Garden officer or director is also an officer and/or director of Arbor.  *See* [Doc. 64] at 2

(listing persons identified in Rice Garden's Answers to Interrogatories); [Doc. 64.-] (screen shots

from Arbor's website showing Arbor's officers and directors).  In the instant Motion, Plaintiff

seeks to amend the Scheduling Order and re-open discovery "for the limited purpose of sending

discovery to [Arbor] regarding the interconnected relationship between the two companies—

specifically around the fact that every member of the Board of Directors for Rice Garden is also

an Officer and Director for Arbor."  [Doc. 85] at 1.

## ANALYSIS

Plaintiffs argue that they were, in effect, sand-bagged:

> Quite simply, Plaintiffs did not know, nor could they have, of the
> identity and existence of the Officers and Directors at Rice Garden
> until they received Rice Garden's supplemental answers on
> September 3, 2014.  Additionally, Plaintiffs had no way of
> knowing or diving that every Officer and Director of Rice Gardens
> was also an Officer and/or Director or Arbor.

*See* [Doc. 85] at 5.  Plaintiffs could not be more wrong.  Had they been diligent, Plaintiffs could

have learned the information months earlier.  I will get to that shortly.

A party seeking to modify a scheduling order must, under Rule 16 of the Federal Rules of

Civil Procedure, make a showing of good cause.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be

---

[1] Plaintiff asserts that he "first learned of the identity of the Rice Garden Board of Directors when [he] received the supplemental answers and responses from Rice Garden on September 3, 2014." *See* [Doc. 85] at 4.  The Court assumes, therefore, that the supplemental answers were placed in the mail on Thursday, August 28, 2014, and due to the intervening Labor Day weekend, were not actually received by Plaintiff's counsel until Wednesday, September 3, 2014.

modified only for good cause and with the judge's consent."); *see also Gorsuch, Ltd., B.C.* v.

*Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  For example, "Rule 16's

good cause requirement may be satisfied . . . if a plaintiff learns new information through

discovery or if the underlying law has changed."  *Id*.  Broadly speaking, the moving party must

show that the "scheduling deadlines cannot be met despite the movant's diligent efforts." *Id*.

The Tenth Circuit has identified several factors relevant to a district court's discretionary

decision to reopen discovery.  These include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3)
> whether the non-moving party would be prejudiced, 4) whether the
> moving party was diligent in obtaining discovery within the
> guidelines established by the court, 5) the foreseeability of the
> need for additional discovery in light of the time allowed for
> discovery by the district court, and 6) the likelihood that the
> discovery will lead to relevant evidence.

*SIL-FLO, Inc*. v. *SFHC, Inc*., 917 F.2d 1507, 1514 (10th Cir. 1990) (citing *Smith v. United States*,

834 F.2d 166, 169 (10th Cir. 1987)). In reviewing the *Smith* factors, the Court makes the

following findings.

The first factor weighs in favor of discovery being reopened because trial is not set until

November 16, 2015.  *See* [Doc. 82].  However, that is the only factor that weighs in favor of

granting the Motion.

The second factor weighs against Plaintiffs because the Motion is opposed.

The third factor weighs against Plaintiffs because Defendants would be prejudiced to the

extent that additional discovery—and any resultant motion practice—would be costly and could

*potentially* delay the trial.

I will address the fourth *Smith* factor—the moving party's diligence—at the end of this section.

The fifth factor also weighs against Plaintiffs because the original Scheduling Order gave the parties more than ample time for discovery. The parties were given 210 days to complete discovery after the Rule 16 Scheduling Conference. But parties need not wait until the Rule 16 Scheduling Conference to commence discovery. Plaintiffs could have initiated written discovery as early as November 26, 2013, the date of the meet-and-confer session. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures . . . , or when authorized by these rules, by stipulation, or by court order."); D.N.M.LR-Civ. 26.4(a) ("A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by Fed. R. Civ. P. 26(f) except by agreement of all parties or by Court order."). At a Rule 26(f) meet-and-confer session, parties "must consider the nature and basis of their claims and defenses and the possibility for promptly settling or resolving the case; . . . ." Fed. R. Civ. P. 26(f)(2). That was when Plaintiffs should have determined whether their claims based on respondeat superior were disputed, and if so, how to most efficiently plan discovery to flesh out those claims. If the day of the meet-and-confer session is considered the beginning of the discovery period, that would mean that Plaintiffs had 275 days to complete discovery. The Court notes that Defendants served their first written discovery on December 31, 2013, weeks before the Rule 16 Scheduling Conference. *See* Certificate of Service, [Doc. 22].

Moreover, it would be specious to claim that discovery on Arbor's liability could not be anticipated. If counsel did not address the issue at the Rule 26(f) meet-and-confer session (as

they should have), then at the very latest, Plaintiffs knew by February 5, 2014—the date on which the Answer was filed—that the issue was in dispute.  *Compare* First Amended Complaint ¶ 50, [Doc. 27] at 7 ("The actions of Mr. Sommers are imputed to Rice Garden and Arbor Investments based on the theory of respondeat superior."), *with* Answer to First Amended Complaint ¶ 50, [Doc. 33] at 6 ("Defendants deny this paragraph of the Complaint in its entirety.").

The sixth factor neither weighs in favor of reopening discovery nor against it.  Plaintiffs have made no effort to explain how allowing additional discovery would likely lead to relevant evidence not already known to the parties.  To the Court's knowledge, there is no evidence that anyone associated with Arbor, acting in his or her capacity as an officer or director of Arbor, played any role in Plaintiff's discharge.  At best, Plaintiffs suggest that additional discovery might reveal that to be the case.  In other words, the additional discovery might or might not reveal evidence supporting Plaintiffs' case against Arbor.  Thus, the likelihood that the discovery would lead to relevant evidence is, at best, 50/50.

The fourth *Smith* factor weighs very heavily against Plaintiffs because they have failed to show that they diligently used the time previously allotted for discovery.  *See Pulsecard, Inc.*, v. *Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) ("The good cause standard primarily considers the diligence of the party . . . .  The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.") (internal quotation marks omitted).  As mentioned, Plaintiffs had at least 210 days, and, in reality, 275 days, to conduct discovery.  At the Rule 16 Scheduling Conference, the Court went out of its way to encourage the parties not to delay in commencing discovery.  *See* Clerk's Minutes [Doc. 29]

at 1.  ("The parties are encouraged to proceed with discovery sooner rather than later.").  Indeed,

the Court spent more time on this topic (not waiting to start discovery) than on any other topic at

the conference.  The Court's exact words were:

> Let me tell you what I tell the parties in every case . . . . Don't wait
> to start your discovery.  I mean, get your written discovery out,
> you know, right now. . . . There's no reason you can't serve your
> written discovery by the end of the week, and then get it moving.

Recording of Rule 16 Scheduling Conference at 2:10–12 p.m., January 30, 2014, Liberty

Recorder, Doña Ana Courtroom.  Nonetheless, Plaintiffs waited until June 13, 2014 (or 134

days) to commence any discovery at all, and even then, served no discovery upon Arbor.  Thus,

the Court disagrees with Plaintiffs' statement that they could not have known of the identity and

existence of the directors and officers of Rice Garden until they received Rice Garden's

supplemental answers to interrogatories on September 3, 2014.  *See* [Doc. 89] at 5.  The Court

can think of scores of ways Plaintiffs could have discovered that information earlier, assuming

Plaintiffs had not waited to commence discovery until two-thirds of the discovery period had

expired.  (A Rule 30(b)(6) deposition comes immediately to mind.)

Although the argument is not entirely clear to the Court, Plaintiffs seem to argue that they

were misled into believing that Mr. Sommers would be able to answer all of their questions

about the "interconnected relationship" between Rice Garden and Arbor at his deposition.  *See*

[Doc. 89] at 5 ("Mr. Sommer's feigned ignorance at the corporate structure of Rice Garden led

Plaintiffs to believe there were no other Officers and Directors [presumably, of Rice Garden],

. . . .  Had Mr. Sommers identified Rice Garden's Officers and Directors during his deposition,

Plaintiffs would have been able to timely serve Arbor with discovery.").  But in truth, Plaintiffs

were "able to serve Arbor with discovery" at any time after November 26, 2013.  Mr. Sommers

was not deposed until July 21, 2014—172 days after the Rule 16 Scheduling Conference. *See* [Doc. 89-1] at 1. Thus, Plaintiffs apparently *assumed* (1) that Mr. Sommers would have the information they needed, and (2) that they could wait until 38 days before the discovery deadline to get that information from him. But there are at least two problems with that approach. First, there is nothing in the record to suggest that Defendants represented to Plaintiffs that Mr. Sommers would have the information they desired. He was deposed as a party, not as a Rule 30(b)(6) representative of Rice Garden or Arbor. Nor is there anything to suggest that Mr. Sommers was not being honest when he said he could not provide the answers to Plaintiffs' questions. Thus, any problems arising out of taking his deposition so late in the discovery period lie not with Defendants, but with Plaintiffs' incorrect assumption that he could provide the information they needed.

Second, and more importantly, we must keep in mind that we are analyzing the moving parties' diligence. Plaintiffs' argument for diligence is that, although they waited to begin discovery until late in the discovery period, they started it soon enough to complete it, assuming everything had gone their way. And it is true that if Mr. Sommers had been able to provide the information they sought at his deposition, and they had served their interrogatories on Arbor the following day, the responses to those interrogatories would have been due a few days before the discovery deadline. But the Court disagrees that this establishes diligence on Plaintiffs' part. The Court believes that to interpret the fourth *Smith* factor in that manner would essentially render it meaningless. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Street v. Curry Bd. of Cnty. Comm'rs*, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at \*6 (D.N.M. Jan 30, 2008). Plaintiffs have failed to

show that despite diligent efforts on their part they could not have reasonably met the scheduled discovery deadline. Thus, they have failed to establish good cause to amend the Scheduling Order.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Modify the Scheduling Order and Re-Open Discovery for a Limited Purpose [Doc. 85] is hereby **DENIED**.

**IT IS SO ORDERED.**

                           _____

                           **STEPHAN M. VIDMAR**
                           **United States Magistrate Judge**